UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Alan L. Bernstein, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc.,<br><br>Defendant. | Civil Action No.: 4:13-cv-40032<br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Alan L. Bernstein, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Alan L. Bernstein ("Bernstein" or the "Consumer"), files this Class Action Complaint ("Complaint") seeking redress for the unlawful debt collection practices engaged in by the Defendant NCO Financial Systems, Inc. ("NCO"). In the course of its debt collection business NCO placed calls to consumers while having its true identity concealed by identifying itself as "Equifax" on the consumers' telephone caller ID. This conduct flagrantly violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, e*t seq.* ("FDCPA") and Massachusetts Consumer Protection Act, M.G.L. c. 93A, e*t seq.* ("MCPA").

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arose under the FDCPA.

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Plaintiff resides in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5. Bernstein, is an adult individual residing in Leominster, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. NCO is a Pennsylvania business entity with a corporate headquarters located in Horsham, Pennsylvania.

7. NCO is engaged in the business of collecting or attempting to collect, directly or indirectly, consumer debt owed or due or asserted to be owed or due another as one of its principal areas of business.

8. As such, NCO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

9. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an Internet service provider (the "Creditor").

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to NCO for collection, or NCO was employed by the Creditor to collect the Debt.

12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. NCO Uses False and Deceptive Means to Collect Debts**

13. Within the last year, and in furtherance of its efforts to collect the Debt, NCO placed numerous calls to the Plaintiff's home telephone.

14. NCO initiated the calls from telephone number (800) 477-1827 (the "Number").

15. When NCO uses the Number, it transmits the name "Equifax" which appears on caller identification devices.

16. When NCO called Bernstein from the Number, the name "Equifax" appeared on his caller identification device.



17. "Equifax" is not the true name of NCO.

18. "Equifax" is not an alias of NCO.

19. NCO knowingly transmits the name "Equifax" to lure consumers, such as Bernstein, into answering the phone or returning the debt collector's call.

20. Bernstein and all other consumers to whom calls were made from the Number were given no notice that the call was from a debt collector.

**C. NCO's False Name Deceives and Misleads Consumers**

21. Upon information and belief, NCO transmits the false name of "Equifax" to thousands of consumers it calls to collect debt.

22. In each instance, NCO fails to identity itself and the purpose of its communication.

23. In each instance, NCO engages in false and deceptive representations.

24. In each instance, NCO attempts to use and uses a name other than its true name.

## CLASS ACTION ALLEGATIONS

### A. The Class

25. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

26. Plaintiff proposes a class defined as follows:

**Class A. All consumers to whom NCO made calls from telephone number (800) 477-1827 representing itself as "Equifax" for the purpose of collecting a debt incurred for personal, family, or household purposes, during the one year period prior to the filing of the complaint in this action until judgment in this case.**

**Sub Class A. All consumers in the state of Massachusetts to whom NCO made calls from telephone number (800) 477-1827 representing itself as "Equifax" for the purpose of collecting a debt incurred for personal, family, or household purposes, during the one year period prior to the filing of the complaint in this action until judgment in this case.**

27. Excluded from the Class are all officers, directors, and employees of Defendant, together with those individuals' immediate family members, and their respective legal representatives, heirs, successors and assigns, the officers, directors and employees of any parent, subsidiary or affiliate of Defendant, together with those individuals' immediate family members, Counsel for Defendant and Class Counsel and their immediate family members, in addition to those whose claims are barred by the statute of limitations.

B. **<u>Numerosity</u>**

28. The precise number and identities of consumers in the class is unknown at this time and can only be discerned through discovery. However, upon information and belief, NCO has transmitted the false name to thousands of consumers.

29. However, Internet searches yield a large number of complaints against NCO. For example:

**Sam**
27 Nov 2012

It's NCO Financials looking to collect a debt. Somehow they are able to show Equifax on their caller ids.

Caller: NCC Financial
Call Type: Debt Collector

**kyla law**
3 Dec 2012

the claim they are Equifax, so the are liars!

**#4 Consumer Comment**

# NCO posing as EQUIFAX

AUTHOR: Michigan Resident - (United States of America)
SUBMITTED: Friday, February 01, 2013

This company keeps doing automated calls to our home and when you look at the display it says EQUIFAX instead of NCO ! They are also using an automated voice message with a female british accent trying to get people to call them!!

30. The members of the Class are believed to be so numerous that joinder of all members is impractical.

31. However, identification of the Class members is a matter capable of ministerial determination from Defendant's call records and the records of call recipients' telephone companies.

## C. Common Questions of Law and Fact

32. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

33. The questions of law and fact common to the Class concern whether the Defendant's practice of transmitting a false name to consumers violates the FDCPA, 15 U.S.C. §§ 1692 d(6), e(10) & e(14).

34. The following questions of law and fact common to the Class members are ripe for determination:

   a. Did the Defendant call consumers in Massachusetts using the name "Equifax" as its outbound caller ID?

   b. Did the Defendant violate 15 U.S.C. §1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity?

   c. Did the Defendant violate 15 U.S.C. §1692e(10) by engaging in false and deceptive conduct in its attempt to collect a debt?

   d. Did the Defendant violate 15 U.S.C. § 1692e(14) by using a business, company, or organization name other than it true name, NCO Financial Systems, Inc.?

35. The common questions in this case are also capable of having common answers. If Plaintiff's claim that NCO routinely misidentifies itself proves true, Plaintiff and the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

36. Plaintiff's claims are typical of the claims of the Class members since each of the claims arises from the same false communication.

### E. Protecting the Interests of the Class Members

37. Plaintiff will fairly and adequately represent the Class members' interests, all of whom are victims of the Defendant's unlawful and wrongful conduct.

38. All Class claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

39. Plaintiff has retained counsel experienced in litigating class actions and consumer claims and who stands ready, willing, and able to represent the Class.

### F. Proceeding Via Class Action is Superior and Advisable

40. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided at 15 U.S.C. 1692k for the commencement of class actions as a principal means of enforcing the FDCPA.

41. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and therefore would have no effective remedy at law.

42. The members of the Class are generally unsophisticated individuals whose rights will not be vindicated absent a class action.

43. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the Court and the litigants, and promotes consistency and efficiency of adjudication.

44. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible

standards of conduct for Defendant. Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

45. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**COUNT I**
**Violations of FDCPA**
**15 U.S.C. § 1692d(6) by**
**Use of Deception to Collect a Debt**

46. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

47. The FDCPA, 15 U.S.C. § 1692d, provides in relevant part:

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section. . .**
>
> ****
>
> **(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.**

48. "Meaningful disclosure" requires a debt collector to disclose enough information so as not to mislead the recipient as to the purpose of the call.

49. Here, NCO placed telephone calls and transmitted identification information that not only failed to provide "meaningful disclose" but affirmatively concealed NCO's true identity.

50. The natural consequence of NCO's actions would be to harass and abuse the Plaintiff and absent class members who would be lured into answering or calling NCO under false pretenses.

51. The foregoing constitutes a violation of 15 U.S.C. § 1692d(6) for which the Plaintiff and the class are entitled to recover damages as prayed for herein.

**COUNT II**
**Violations of FDCPA**
**15 U.S.C. § 1692 e(10) & e(14) by**
**Use of Deception to Collect a Debt**

52. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

53. The FDCPA, 15 U.S.C. § 1692e, provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> ****
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**
>
> ****
>
> **(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.**

54. 15 U.S.C. § 1692e prohibits the use of any false representation or deceptive means and specifically the use of a name "other than the true name of the debt collector's business, company, or organization."

55. The use of "Equifax" instead of NCO masked who was calling.

56. The natural consequence of this practice was to deceive the Plaintiff and absent class members who were not put on notice that they were dealing with NCO, a debt collector.

57. NCO's conduct constitutes violations of 15 U.S.C. §§ 1692 e(10) & e(14) for which the Plaintiff and the class are entitled to recover damages as prayed for herein.

## COUNT III
### Violation of MCPA, M.G.L. c. 93A § 2, et seq., by Employing Unfair and Deceptive Acts

58. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

59. The Massachusetts Debt Collection Regulations 940 CMR 7.07, provide in relevant part:

> **It shall constitute an unfair or deceptive act or practice to engage in any of the following practices to collect or attempt to collect any debt:**
>
> ****
>
> **(8) Any false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt or to obtain information concerning a debtor.**
>
> ****
>
> **(15) Using any business, company or organization name other than the true name of the creditor's business, company or organization.**

60. By employing name "Equifax" to mask the true identity of the caller NCO committed an unfair or deceptive act to collect the Debt, in violation of 940 CMR 7.07.

61. Furthermore, by virtue of violating the above Massachusetts Debt Collection Regulations, NCO committed an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such,

the Plaintiff and member of the Class are entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Awarding damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

2. Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692(a)(3);

3. Awarding Plaintiff and Class Members their Actual damages;

4. Declaring that the practices of NCO as detailed herein violate the FDCPA;

5. Awarding double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A); and

6. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 20, 2013

Respectfully submitted,

By __/s/ Sergei Lemberg__

Sergei Lemberg, Esq. (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff